AO 472  (Rev. 11/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 25, 2021

SEAN F. McAVOY, CLERK

|  |  |
|---|---|
| United States of America | ) |
| v. | ) |
| Andres Gutierrez | ) Case No.  4:21-MJ-07015-MKD-2 |
| *Defendant* | ) |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

　☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
　　☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C.
　　　§ 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
　　☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
　　☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the
　　　Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act
　　　(21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
　　☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs
　　　(a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses
　　　described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal
　　　jurisdiction had existed, or a combination of such offenses; **or**
　　☐ **(e)** any felony that is not otherwise a crime of violence but involves:
　　　**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
　　　**(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
　☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C.
　　§ 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise
　　to Federal jurisdiction had existed; **and**
　☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was
　　committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
　☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the
　　defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☑ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

   ☑ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

   ☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

   ☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

   ☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

   ☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

   ☑ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

   **OR**

   ☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

## Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

   ☑ Weight of evidence against the defendant is strong
   ☑ Subject to lengthy period of incarceration if convicted
   ☑ Prior criminal history
   ☐ Participation in criminal activity while on probation, parole, or supervision
   ☐ History of violence or use of weapons
   ☐ History of alcohol or substance abuse
   ☑ Lack of stable employment
   ☐ Lack of stable residence
   ☐ Lack of financially responsible sureties

- ☒ Lack of significant community or family ties to this district
- ☒ Significant family or other ties outside the United States
- ☒ Lack of legal status in the United States
- ☒ Subject to removal or deportation after serving any period of incarceration
- ☒ Prior failure to appear in court as ordered
- ☐ Prior attempt(s) to evade law enforcement
- ☒ Use of alias(es) or false documents
- ☐ Background information unknown or unverified
- ☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

See Addendum.

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 01/25/2021                                        /s/ Mary K. Dimke
                                                         United States Magistrate Judge

*United States v. Andres Gutierrez*, 4:21-MJ-07015-MKD-2

    Due to the nature of the charges, there is a rebuttable presumption of detention in this case. Defendant is charged with conspiracy to distribute forty grams or more of fentanyl. The Complaint alleges that on November 19, 2020, Defendant acted as a courier in the sale of approximately 1,000 fentanyl pills to a confidential source for $10,250. The United States proffered that law enforcement executed a search warrant at Defendant's home and discovered approximately five thousand fentanyl pills, approximately two pounds of methamphetamine, approximately 50 grams of cocaine, and around $90,000 in cash. It was also proffered that Defendant gave post-*Miranda* statements in which he admitted to possession of the drugs and money found in his home. The Court finds that the offense is serious, as it is alleged to involve fentanyl, which is the most lethal controlled substance currently in the community. However, the Court notes there is no indication of any violence, threats, or presence of firearms involved in this matter.

    The weight of the evidence is the least important factor and Defendant is entitled to a presumption of innocence. The United States' proffer included the contents of recorded conversations and surveillance, the execution of a search warrant, and post-*Miranda* statements. The weight of the evidence proffered at this time appears to be strong. Defendant is subject to deportation due to his lack of legal status and prior convictions regardless of the outcome of the instant offense. Given the potential for a lengthy sentence and the fact that eventual deportation is a virtual certainty, there is strong incentive to flee the District. Based on the proffer there is sufficient evidentiary weight to the case to give the Court concern as to dangerousness and risk of flight.

    Turning to his history and characteristics, Defendant is 48 years old, was born in Mexico, and has been in the United States since 1991. Defendant has resided in numerous communities in the United States and has not developed strong ties to any particular community. He resided in California for two years (1991-1993); Seattle for six years (1993-1999); Los Angeles for two years (1999-2001); North Carolina for two years (2001-2003); Everett for 16 years (2003 to 2019). Defendant has lived in Pasco at the proposed release address for the past year. Defendant's parents are deceased. He has four siblings—two that live in California and two that live in Mexico. Defendant has been in a long term relationship with his significant for approximately 15 years. They share a minor

child. Defendant has four additional children from previous relationships, all of whom are United States Citizens. Were Defendant to be released, he proposed returning to his home in Pasco where he has been living with his significant other and their daughter. His significant other submitted a letter supporting his release pending trial. Of concern to the Court is that Defendant's proposed release address is the same location where the search warrant was executed and substantial quantities of drugs and money were located.

Defendant's criminal history is concerning. In 1995, Defendant was charged with second degree assault, vehicular assault, and a controlled substance violation. He was deported and subsequently returned to the United States and was charged with a new drug offense. Of concern to the Court is that he failed to address these changes upon return to the United States. The warrants remained outstanding for years (from 1995 to 2004 and from 1999 to 2004). This occurred at a time when Defendant was moving from community to community every two years. Additionally, Defendant has been deported/removed from the United States in 1995, 2015, and 2018 and has been charged with related immigration offenses. Further, Defendant has failed to appear on several occasions.

In sum, the Court finds by clear and convincing evidence there are no conditions or combination of conditions other than detention that will ensure the safety of the community and Defendant's appearance at future court hearings. Of particular concern to the Court is the risk of flight in light of the fact that Defendant lacks legal status in the United States, faces deportation even if he is not convicted of the instant offense, has previously failed to address pending charges for lengthy periods of time, and—based on the results of the search warrant—may have access to large amounts of cash to facilitate his flight.